UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-09804-AH-(Ex) | Date June 10, 2025 |
| Title *Zadoorian et al. v. Mercedes-Benz USA, LLC* | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO REMAND (DKT. NO. 18)

Plaintiffs Erin Zadoorian ("Zadoorian") and Blue Ribbon Group, LLC ("Blue Ribbon Group") (collectively "Plaintiffs") move to remand this case to the Los Angeles County Superior Court. Defendant Mercedes-Benz USA, LLC ("Defendant") opposes. Opp'n, Dkt. No. 20. Plaintiffs have not filed a reply. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court DENIES Plaintiffs' Motion.

I.   **BACKGROUND**

On December 23, 2021, Plaintiffs purchased a 2021 Mercedes-Benz G63 AMG ("Subject Vehicle"). Compl. ¶ 5, Dkt. No. 1-1. Plaintiffs received written warranties and other express and implied warranties including, but not limited to, warranties from Defendant that the Subject Vehicle and its components would be free from all defects in material and workmanship and that Defendant would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Subject Vehicle was free from any defects in material and workmanship. *Id.* ¶ 7. Each time Plaintiffs delivered the nonconforming

Subject Vehicle to Defendant's authorized service and repair facility, Defendant represented to Plaintiffs that it could and would conform the Subject Vehicle to the applicable warranties. *Id.* ¶ 12. However, Defendant or its representatives failed to conform the Subject Vehicle to the applicable warranties because the defects, malfunctions, misadjustments, and/or nonconformities continued to exist even after a reasonable number of attempts to repair was given. *Id.*

Plaintiffs allege two causes of action under the Song-Beverly Consumer Warranty Act ("SBA") and one cause of action for violation of California Civil Code § 1793.2(b). *See generally id.* Plaintiffs initiated this proceeding in the Los Angeles County Superior Court. *Id.* Asserting diversity jurisdiction, Defendant removed the case to federal court on November 13, 2024. Notice of Removal, Dkt. No. 1.

Plaintiffs have now filed this Motion to Remand. Mot. to Remand, Dkt. No. 18.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a). "On a plaintiff's motion to remand, it is the defendant's burden to establish jurisdiction by a preponderance of the evidence." *Smith v. Advanced Clinical Emp. Staffing, LLC*, 2022 WL 2037080, at *3 (N.D. Cal. June 7, 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)). "Disputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F.Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III.   DISCUSSION

#### A.   The Parties Are Citizens of Diverse States

"To demonstrate citizenship for diversity purposes, a party must be (1) a citizen of the United States, and (2) domiciled in a state of the United States." *Delgadillo v. FCA US LLC*, 2021 WL 5564623, at *2 (C.D. Cal. Nov. 29, 2021) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "A natural person is domiciled in a state where he or she has 'established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* (quoting *Lew*, 797 F.2d at 749–50) (alteration in original).

For the purpose of diversity jurisdiction, a corporation is a citizen of the state it is incorporated in, as well as the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center," or the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (cleaned up).  "[A]n LLC is a citizen of every state of which its owner/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A member of an LLC is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code. 17701.02(p).

Plaintiffs do not dispute that Defendant is incorporated in Delaware and has its principal place of business in Georgia.  Notice of Removal ¶ 7.  Nor do they dispute that Defendant is an LLC whose sole member, Mercedes-Benz North America Corporation, is incorporated in Delaware and whose principal place of business is in Michigan. *Id.*  Plaintiffs also do not argue that Zadoorian or Blue Ribbon Group are not citizens of California.  Mot. to Remand at 4–5.  Rather, Plaintiffs only argue that Defendant has not proven that Zadoorian is a citizen of California by a preponderance of the evidence. *Id.*  Defendant alleges that both Plaintiffs are citizens of California in the Notice of Removal.  Notice of Removal ¶ 5.

"[W]hen a defendant's allegations of citizenship are unchallenged, nothing more is required." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).  The defendant corporation in *Ehrman* alleged that it was a citizen of Delaware and Georgia and that the plaintiff was a citizen of California. *Id.* at 1227.  Instead of factually challenging the defendant corporation's jurisdictional

allegations, the plaintiff's motion to remand argued only that the defendant had failed to provide sufficient evidence to support its allegations. *Id.* at 1228. The Ninth Circuit held that because the plaintiff did not factually challenge the defendant's jurisdictional allegations, only "a short and plain statement of the parties' citizenship based on information and belief" was needed to satisfy the defendant's burden of pleading diversity. *Id.*

Here, because Plaintiffs have not factually challenged Defendant's assertions that Plaintiffs are citizens of California, the Court accepts Defendant's allegations as true. Thus, Defendant has met its burden.

### B. Defendant Has Sufficiently Shown That the Amount in Controversy More Likely Than Not Exceeds $75,000

"Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (cleaned up). In assessing the amount in controversy, courts consider "allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* (citation omitted).

Plaintiffs seek damages under the SBA. California Civil Code § 1793.2(d)(2) provides that, if a vehicle manufacturer is unable to "conform [the vehicle] to the applicable express warranties after a reasonable number of attempts," the manufacturer must either "promptly replace the new motor vehicle" or "promptly make restitution to the buyer in accordance with subparagraph (B)." California Civil Code § 1793.2(d)(2). California Civil Code 1793.2(d)(2)(B) states, that "[i]n the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer[.]" California Civil Code § 1793.2(d)(2)(B).

"The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid…by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the…repair facility for correction of the problem[.]" Cal. Civ. Code § 1793.2(d)(2)(C). This is referred to as the "mileage offset."

The amount in controversy is unclear from the face of the Complaint. *See generally* Compl. However, Exhibit B in the Notice of Removal is the copy of the sales contract for Plaintiffs' purchase of the Subject Vehicle. Notice of Removal Ex. B. Plaintiffs purchased the vehicle with ten miles on the odometer. *Id.* The contract price of the Subject Vehicle was $335,606.96. *Id.* The total cash price of the Subject Vehicle was $278,500, including a $200,000 down payment made by Plaintiffs. *Id.* Courts "have found total cash price appropriate in calculating actual damages sought under the Song-Beverly Act." *Messih v. Mercedes-Benz USA, LLC*, 2021 WL 2588977, at *4 (N.D. Cal. June 24, 2021) (collecting cases). Here, given that the total cash price of the Subject Vehicle was $278,500, the amount in controversy exceeds the $75,000 jurisdictional threshold. Moreover, at the time Plaintiffs delivered the Subject Vehicle for correction of the problem, there were 9,121 miles on the Subject Vehicle. Gallagher Decl. ¶ 4, Dkt. No 20-1. A mileage offset on $278,500 would lead to a reduction by $21,145.11, which would still exceed $75,000.

Accordingly, Defendant has met its burden of showing by a preponderance of evidence that the amount in controversy exceeds the requisite jurisdictional threshold of $75,000.[1]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is DENIED.

**IT IS SO ORDERED.**

---

[1] The Court declines to address the Parties' remaining arguments in light of the ruling herein. The Court also declines to judicially notice any of the exhibits as part of Defendant's Opposition, as they are not necessary to the resolution of the Motion. *Walsh v. SL One Glob., Inc.*, 2022 WL 3327445, at *2 n.2 (E.D. Cal. Aug. 11, 2022).